[Cite as *State v. Crespo*, 2021-Ohio-848.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                   :

     Plaintiff-Appellee,                    :

                                        Nos. 109617 and 109741

     v.                                          :

CARLOS D. CRESPO,                              :

     Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 18, 2021

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-15-600269-A and CR-15-601495-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

G. Michael Goins, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Carlos Crespo appeals the denial of an untimely petition for postconviction relief and his separate motion to withdraw his guilty plea filed under Crim.R. 32.1. For the following reasons, we affirm.

{¶ 2} In July 2016, Crespo pleaded guilty to drug trafficking offenses in two separate cases. In CR-15-600269-A, Crespo pleaded guilty to trafficking in cocaine in violation of R.C. 2925.03 (A)(2), a second-degree felony offense, and possession of criminal tools in violation of R.C. 2923.24, a fifth-degree felony offense. The trial court sentenced Crespo to a six-year aggregate term of imprisonment. In CR-15-601495-A, Crespo pleaded guilty to a separate count of trafficking cocaine in violation of R.C. 2925.03 (A)(2), a first-degree felony offense, and having weapons while under disability in violation of R.C. 2923.13 (A)(3), a third-degree felony offense. The trial court imposed a nine-year aggregate term of imprisonment. Crespo pleaded guilty to trafficking almost five pounds (over 2200 grams) of cocaine between the two separate cases. To place that quantity in perspective, anything over 100 grams of cocaine is considered the most serious level offense under R.C. 2925.03(C)(4)(g). The aggregate terms of imprisonment from each case are being concurrently served, and Crespo forfeited approximately $58,000 in cash between the two cases. Crespo, initially acting pro se, filed a delayed appeal in CR-15-601495-A, attaching the sentencing entry issued in CR-15-600269-A as the order from which the appeal was taken. 8th Dist. Cuyahoga No. 105072. That appeal was dismissed upon his motion.

{¶ 3} In March 2019, Crespo filed an untimely petition for postconviction relief and a motion to withdraw his guilty plea under Crim.R. 32.1. Both motions were denied without a hearing. It is from these orders that Crespo appeals.

{¶ 4} In his petition for postconviction relief, Crespo claims his trial counsel's deficient performance deprived him of his constitutional right to counsel. According to Crespo, his trial attorney failed to adequately prepare and pursue the suppression motion and that had such an undertaking occurred, Crespo would have proceeded to trial — an issue he waived by pleading guilty. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55; *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (after pleading guilty, a defendant cannot claim the deprivation of constitutional rights with evidence outside the record; he may only claim his plea was not knowing or voluntarily entered but for erroneous advice of counsel). In addition, Crespo claims that his trial counsel provided erroneous legal advice regarding the length of the potential sentences that he faced because the trial court could not have made the consecutive-sentencing findings under R.C. 2929.14(C)(4) in his particular case. Several affidavits were attached to the petition, setting forth his family's beliefs that Crespo's trial counsel failed to adequately investigate the case and that no search warrant had been presented on the day the police searched Crespo's home for evidence of drug trafficking.

{¶ 5} "The postconviction relief process is a civil collateral attack on a criminal judgment, in which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting the issues is not contained in the record of the petitioner's criminal conviction." *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905, and *State v. Carter*, 10th Dist. Franklin No. 13AP-4, 2013-Ohio-4058, ¶ 15. "[C]ourts are not required to hold a hearing in every postconviction case." (Citations omitted.) *State ex rel. Madsen v. Jones*, 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 10. Before granting a hearing on a petition for postconviction relief, "the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." *Id.* R.C. 2953.23 permits a successive or untimely petition for postconviction relief only (1) if the defendant was unavoidably prevented from discovering facts upon which the petition must rely, or (2) if the "United States Supreme Court recognized a new federal or state right that applies retroactively" and the petitioner can demonstrate that but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a).

{¶ 6} A trial court's ruling on a petition for postconviction relief is reviewed for an abuse of discretion. *Curry* at ¶ 15, citing *State v. Gondor*, 112 Ohio St.3d 377,

2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. "The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition." *Id.*, citing *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15. As it pertains to Crespo's alleged constitutional claims against his guilty plea, "[a] defendant has the ultimate authority to decide whether to plead guilty." *State v. Grate*, Slip Opinion No. 2020-Ohio-5584, ¶ 121, citing *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). In order to demonstrate ineffective assistance related to a decision to plead guilty, and thus rise to the level of a constitutional violation for the purposes of the postconviction relief statute, a defendant "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 7} Crespo's appellate arguments focus on the merits of his petition for postconviction relief, to the exclusion of discussing the trial court's jurisdiction to consider the untimely petition. The petition for postconviction relief was filed in March 2019, over two years after his final conviction. R.C. 2953.21(A)(2) (petition must be filed within 365 days of the date the record is filed in the direct appeal or after the 30-day appellate deadline expires if no direct appeal is filed). R.C. 2953.23 permits an untimely petition for postconviction relief, as is pertinent to this appeal,

only (1) if the defendant was unavoidably prevented from discovering facts upon which the petition must rely, or (2) if the "United States Supreme Court recognized a new federal or state right that applies retroactively."

{¶ 8} In this case, Crespo's petition is based on issues relating to his counsel's alleged failure to pursue a motion to suppress or properly investigate the facts underlying the search of Crespo's home that was conducted upon his arrest. The affidavits offered in support of his petition came from family members averring that the police failed to provide the search warrant to Crespo and his family during the search of the home and that Crespo's trial counsel failed to adequately investigate matters pertaining to the suppression issue. That information was available to Crespo at the time he pleaded guilty, a point of fact acknowledged in Crespo's self-serving affidavit. (Crespo stated that his family told him the police officers had not produced the search warrant as the search was being conducted.) A defendant is unavoidably prevented from discovering the new evidence for the purposes of filing an untimely petition for postconviction relief "when that defendant had no knowledge of the evidence supporting the motion for new trial and could not have learned of the existence of the evidence within the time prescribed for filing such a motion through the exercise of reasonable diligence." *State v. Bethel*, 10th Dist. Franklin No. 19AP-324, 2020-Ohio-1343, ¶ 20, citing *State v. Bethel*, 10th Dist. Franklin No. 09AP-924, 2010-Ohio-3837, ¶ 13, and *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 19.

{¶ 9} In this case, Crespo knew of the alleged issues pertaining to the search warrant before pleading guilty. None of the evidence presented in the petition was new, much less can Crespo demonstrate that he was unavoidably prevented from timely discovering the facts upon which his untimely petition for postconviction relief relies. In response, Crespo claims his delay in filing the petition was based on the family contacting private investigators to locate independent, neutral witnesses with information vital to his defense. Crespo concedes he was unable to locate any such witnesses and, therefore, filed his petition and attached the affidavits proffering evidence that had been available at the time he pleaded guilty. Because Crespo failed to demonstrate that he was unavoidably prevented from discovering the facts underlying his claim, the trial court lacked jurisdiction to consider the merits of the petition. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 38. The untimely petition for postconviction relief was properly denied without a hearing. *State v. Mitchell*, 11th Dist. Portage Nos. 2017-P-0007 and 2017-P-0009, 2017-Ohio-8440, ¶ 40-41, citing *State ex rel. James v. Coyne*, 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837, ¶ 5, *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6, *State v. Sheets*, 4th Dist. Athens No. 03CA24, 2005-Ohio-803, ¶ 20, and *State v. Dwyer*, 11th Dist. Lake No. 2002-L-043, 2003-Ohio-5225, ¶ 30.

{¶ 10} And finally, Crespo claims the trial court also erred by separately denying his motion to withdraw his guilty plea, which was filed over two and a half years after the sentence was imposed, based on Crespo's claim that his trial counsel

misadvised him as to the maximum potential sentence.[1]  According to Crespo, he was advised that the trial court could impose consecutive sentences resulting in an aggregate term of imprisonment ranging from 21 to 27 years and that fear largely drove his decision to plead guilty.  There are three findings that are required to impose consecutive sentences.  R.C. 2929.14(C)(4).  Importantly, Crespo does not discuss the first two findings under R.C. 2929.14(C)(4).  In his motion, Crespo claims that the third finding required to impose consecutive sentences under R.C. 2929.14(C)(4)(a) and (c) would not be supported by the record in this case because of his limited criminal history and because he was not awaiting sentencing or under postrelease or community control at the time he committed the underlying offenses in this case.  As a result of that argument, Crespo claims his attorney wrongly advised him of the maximum potential sentence that would have been limited to concurrent terms.  Notably absent from Crespo's discussion is any reference to R.C. 2929.14(C)(4)(b), whether the harm caused by multiple offenses was so great and unusual as to justify the imposition of consecutive sentences, an alternative finding that would independently support the imposition of consecutive sentences irrespective of R.C. 2929.14(C)(4)(a) or (C)(4)(c).  *State v. Nave*, 8th Dist. Cuyahoga No. 107032, 2019-Ohio-348, ¶ 7.

---

[1] Crespo made several other arguments within his motion to withdraw his plea that in large part mirrored the arguments presented in the petition for postconviction relief regarding his trial counsel's failure to pursue the motion to suppress or to fully investigate the case.  In this appeal, Crespo limits our review to the sentencing issue, waiving all other arguments.

{¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "Manifest injustice" is defined as a "fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 15, citing *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984).

{¶ 12} Although there is no express time limit for moving to withdraw a plea after a sentence is imposed under Crim.R. 33.1, "'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, quoting *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), and *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966). And further, "res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal.'" *Id.*, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

{¶ 13} Appellate review of the denial of a postsentence motion to withdraw a guilty plea occurs under the abuse-of-discretion standard of review. *Id.*, citing *Smith* at paragraph two of the syllabus, and *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. "A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea"; a hearing is only required "if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea." *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 57, citing *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16, and *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11.

{¶ 14} In this case, the trial court did not abuse its discretion by denying Crespo's postsentence motion to withdraw the guilty plea. Crespo has failed to present any explanation justifying the two and a half year delay in filing the motion. *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 15 (two-year delay considered unreasonable); *State v. Miley*, 8th Dist. Cuyahoga No. 83152, 2004-Ohio-641, ¶ 4 (three-year delay unreasonable); *State v. Morgan*, 10th Dist. Franklin No. 12AP-241, 2012-Ohio-5773, ¶ 13 (ten-month delay deemed unreasonable in light of defendant's failure to present a reason in support of the delay). His credibility as it relates to his self-serving claims regarding his trial counsel's advice is therefore suspect. *Straley*.

{¶ 15} Further, when considering his argument with respect to the consecutive-sentencing issue, Crespo has failed to demonstrate the inapplicability

of R.C. 2929.14(C)(4)(b), such that his trial counsel's alleged advice regarding the consecutive-service issue could have been deemed deficient under the *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard. As at least one court has acknowledged in this context, "[t]he case law indicates a clear demarcation between counsel's sentencing advice that is a 'good faith estimate' or 'speculative,' and counsel's erroneous representation of a *promised sentence.*" (Emphasis sic.) *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 47, quoting *State v. Langenkamp*, 3d Dist. Shelby Nos. 17-08-03 and 17-08-04, 2008-Ohio-5308, ¶ 25, 27. A counsel's legal guidance as to the results of the decision to enter a guilty plea is nuanced, such that the mere indication that there could be issues with a particular sentence does not, in and of itself, rise to the level of the advice rendered being erroneous.

{¶ 16} Crespo's claim, that his counsel provided an erroneous assessment of whether the trial court could impose consecutive sentences (which according to Crespo impacted his decision to plead guilty), cannot be maintained in light of the incomplete argument. It is immaterial whether the trial court could have made the findings under R.C. 2929.14(C)(4)(a) or (c) since Crespo has not addressed the third alternative finding under R.C. 2929.14(C)(4)(b). We cannot conclude that a manifest injustice occurred in this case. In addition, Crespo has not alleged, let alone demonstrated, that his counsel promised that the trial court would impose the sentences consecutively in light of his guilty plea. His sole claim is limited to Crespo's personal interpretation of R.C. 2929.14(C)(4)(a) and (c) as it applies to his

sentencing. As a result, the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea under Crim.R. 32.1. Crespo has not presented any operative facts that would have demonstrated the existence of a manifest injustice requiring a hearing or in demonstrating the existence of reversible error.

{¶ 17} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR