[Cite as *State v. Williams*, 2022-Ohio-2043.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,          :
                         No. 110941
    v.                                           :

DARRYL W. WILLIAMS,                    :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 16, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622120-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Dean A. Colovas, *for appellant*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Darryl Williams ("appellant") appeals from the trial court's September 24, 2021 judgment summarily denying his motion to withdraw his plea and/or for postconviction relief. After a thorough review of the law and facts, we affirm.

**Procedural History**

{¶ 2} In October 2017, appellant was charged in a multicount indictment with the following crimes:

- three counts of rape, each with one- and three-year firearm specifications, a sexually violent predator specification, a notice of prior conviction, and a repeat violent offender specification;

- one count of gross sexual imposition with one- and three-year firearm specifications, and a sexually violent predator specification;

- one count of kidnapping with one- and three-year firearm specifications, a sexual motivation specification, sexually violent predator specification, notice of prior conviction, and repeat violent offender specification;

- one count of aggravated robbery with one- and three-year firearm specifications, notice of prior conviction, and repeat violent offender specification; and

- one count of kidnapping with one- and three-year firearm specifications, notice of prior conviction, and repeat violent offender specification.

{¶ 3} The charges stem from a 1998 rape of a high-school student while she was on her way to school. The victim reported the crime and stated that the suspect either ejaculated or "dripped" semen on to the floor and/or wall at the crime scene. The police swabbed the wall for evidence.

{¶ 4} The case was "cold" until 2017 when an investigator from the Cuyahoga County Prosecutor's Office, Anthony Kratsas ("Kratsas"), was assigned to review it. After his review, appellant was indicted on the charges within.

{¶ 5} After being indicted, in December 2017, appellant filed a motion for a DNA expert, which the trial court granted. In January 2018, appellant filed a motion to suppress a DNA swab sample that Kratsas obtained from him, alleging that the sample was taken without a warrant or valid consent. Appellant further alleged that the sample was "mishandled, contaminated, and no chain of custody was properly maintained." The state opposed the motion.

{¶ 6} The trial court held a hearing in June 2018 on appellant's suppression motion. At the beginning of the hearing, defense counsel informed the trial court that he had not yet received the results from the DNA testing he requested and, thus, asked the court to reserve ruling on the suppression motion. The hearing went forward with the understanding that the defense would supplement its motion to suppress if new evidence arose as a result of its testing.

{¶ 7} Approximately one week after the hearing, and prior to the court's ruling on appellant's suppression motion, appellant changed his plea and entered a guilty plea to one count of an amended charge of rape (Count 1) with deletion of all the specifications and notice of prior conviction. All of the remaining counts, notices, and specifications were dismissed. Prior to pleading guilty, appellant's counsel stated that appellant was withdrawing his motion to suppress, acknowledging that it was "moot." In June 2018, the trial court sentenced appellant

to a ten-year prison term, to be served consecutive to a sentence in another case he was then serving.

{¶ 8} Appellant filed a direct appeal, wherein he challenged the voluntariness of his guilty plea and his sentence. *State v. Williams*, 8th Dist. Cuyahoga No. 107416, 2019-Ohio-1348. This court overruled his assignments of error and affirmed the judgment of the trial court. *Id*. at ¶ 1, 7, 10-11.

{¶ 9} In April 2021, appellant filed the subject motion to withdraw his plea and/or for postconviction relief. The trial court summarily denied the motion.

**Factual History: As Adduced from Testimony at Suppression Hearing**

{¶ 10} Investigator Kratsas testified that, during his initial review of this case, he discovered that the swabbing retrieved by the police from the wall at the crime scene had never been tested. The evidence was stored in a property room at the Cleveland Division of Police's headquarters. Kratsas requested and received the evidence from the police. Upon receiving the evidence, Kratsas placed it in a secured locker at his office and recorded receipt of it in a logbook.

{¶ 11} Another investigator from the Cuyahoga County Prosecutor's Office, Justin Rotili ("Rotili"), submitted the evidence to the Ohio Bureau of Criminal Investigation ("BCI"). The evidence was contained in one envelope marked "scrapings of stains recovered from the crime scene," and was accompanied with a "Laboratory Evidence Submission" form, which assigned 13-38679 as the BCI case number.

{¶ 12} In February 2017, BCI informed the Cleveland police that a preliminary association was made between the subject specimen and appellant. BCI requested an additional sample from appellant for verification. Shortly thereafter, Kratsas met with appellant in the Cuyahoga County Jail to interview him about this offense and obtain buccal swabs. The interview was recorded; the pertinent portions of it were played at the suppression hearing. Appellant consented to the collection of his DNA and signed a "consent to collect biological DNA analysis" form. Kratsas collected the evidence, placed it in a first envelope which he sealed, placed the first envelope in a second envelope which he taped sealed, placed the evidence in a secured locker at his office, and recorded the evidence in a logbook. The investigator testified that he sealed the envelopes with tape, instead of licking them, so as to not potentially contaminate the evidence.

{¶ 13} In March 2017, Rotili submitted appellant's DNA to BCI. The envelope was marked "Hit Verification Standard — from Darryl Williams" and was accompanied with a "Laboratory Evidence Submission" form with the same BCI case number as the first submission — 13-38679. In a letter dated March 17, 2017, BCI informed the Cleveland police that appellant's DNA was a match to the first sample obtained from the crime scene. BCI provided a chain of custody report for the subject case number which documented the evidence log from September 2013 through March 2017.

**Assignments of Error**

{¶ 14} Appellant raises the following two assignments of error for our review:

I. The subject matter is not a final appealable order as a result of error on behalf of the trial court by not issuing a finding of facts/conclusions of law setting forth its reasons for denial of Defendant-Appellant's motion for [postconviction] relief/withdrawal of Plea.

II. The trial court abused its discretion by denying Defendant-Appellant's motion for [postconviction] relief/withdrawal of plea for reasons that Defendant-Appellant entered into said plea without knowledge of evidence which had been provided his to his counsel which would have likely led to his exoneration.

**Law and Analysis**

**Final, Appealable Order**

{¶ 15} In his first assignment of error, appellant contends that the trial court's judgment denying his motion without findings of fact and conclusions of law is not a final, appealable order. He requests that we remand the case to the trial court with an order that it issue findings of fact and conclusions of law.

{¶ 16} Postconviction proceedings are a collateral civil attack on a judgment and are treated as any other civil postjudgment motion. *State v. Apanovitch*, 107 Ohio App.3d 82, 87, 667 N.E.2d 1041 (8th Dist.1995). Ordinarily, findings of fact and conclusions of law are required when a court dismisses a petition without holding an evidentiary hearing. *State ex rel. Brown v. Court of Common Pleas of Coshocton Cty.*, 23 Ohio St.3d 46, 46-47, 491 N.E.2d 303 (1986). However, the Supreme Court of Ohio has clarified that the failure to issue findings of fact and conclusions of law, when required, is not a jurisdictional impediment to appealing the denial of a postconviction relief petition. *State ex rel. Penland v. Dinkelacker*,

162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336, ¶ 3, *overruling State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984), and *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982); *see also State ex rel. Howard v. Saffold*, 8th Dist. Cuyahoga No. 111031, 2022-Ohio-521, ¶ 9, fn. 2; *State v. Conner*, 2020-Ohio-4310, 158 N.E.3d 162, ¶ 3-4 (8th Dist.).

{¶ 17} Further, findings of fact and conclusions of law are not required when a trial court denies a motion to withdraw a plea. *Harwell v. State*, 8th Dist. Cuyahoga No. 81664, 2002-Ohio-5858, ¶ 4. Moreover, as will be discussed below, findings of fact and conclusions of law were not required in this case because appellant's petition was untimely.

{¶ 18} Thus, the trial court's judgment in this case is a final, appealable order. Appellant's first assignment of error is therefore overruled.

{¶ 19} In his second assignment of error, appellant contends that the trial court abused its discretion by denying his motion to withdraw his plea and/or for postconviction relief.

**Withdrawal of Plea**

{¶ 20} Pursuant to Crim.R. 32.1, a trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "'to correct a manifest injustice.'" *State v. Bell*, 8th Dist. Cuyahoga No. 87727, 2007-Ohio-3276, ¶ 10, quoting *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The individual seeking vacation of the plea bears the

burden of establishing the existence of a "manifest injustice." *Smith* at paragraph one of the syllabus.

{¶ 21} "Manifest injustice" is an extremely high standard that permits the court to allow a plea withdrawal only in "extraordinary cases." *State v. Herrera*, 3d Dist. Allen No. 1-01-126, 2001 Ohio App. LEXIS 5769 (Dec. 20, 2001). A manifest injustice is defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Some courts have referred to it as "an extraordinary and fundamental flaw in the plea proceeding." *State v. Lintner*, 7th Dist. Carroll No. 732, 2001 Ohio App. LEXIS 4267 (Sept. 21, 2001); *State v. Wheeler*, 2d Dist. Montgomery No. 18717, 2002 Ohio App. LEXIS 207 (Jan. 25, 2002).

{¶ 22} A postsentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a postsentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984). The decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea is also left to the discretion of the trial court. *Smith* at paragraph two of the syllabus.

{¶ 23} The following reasons support the trial court's decision to summarily deny appellant's request to withdraw his plea without a hearing: (1) the trial court lacked jurisdiction to consider the motion; (2) the motion was untimely; (3) the

claims appellant raises are barred under the doctrine of res judicata; and (4) appellant has failed to demonstrate ineffective assistance of counsel.

**Trial Court Lacked Jurisdiction to Consider Appellant's Motion**

{¶ 24} A trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after an appellate court has affirmed the defendant's convictions. *See State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978):

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97-98.

{¶ 25} Therefore, after this court affirmed appellant's conviction in *Williams*, 8th Dist. Cuyahoga No. 107416, 2019-Ohio-1348, the trial court lacked jurisdiction to consider his motion to withdraw his guilty plea. Thus, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea without a hearing. *See State v. Lewis*, 8th Dist. Cuyahoga No. 110448, 2022-Ohio-70, ¶ 13.

**Appellant's Motion was Untimely**

{¶ 26} Crim.R. 32.1 places no temporal limitation on the ability of courts to "correct manifest injustice" by setting aside a conviction after a sentence and

permitting the defendant to withdraw his or her plea. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14. Nevertheless, timing may be considered by a court in exercising discretion to determine whether a defendant may withdraw his or her plea postsentencing, because "'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *Id.*, quoting *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph three of the syllabus; *see also State v. Crankfield*, 7th Dist. Mahoning No. 13 MA 122, 2014-Ohio-2624, ¶ 9, fn. 1.

{¶ 27} Appellant contended in his motion that he "did not learn of exculpatory evidence and/or deficiencies in the State's case against him until after he agreed to accept a plea bargain and had been sentenced." He filed his affidavit in support of his motion, wherein he averred that "[i]mmediately subsequent to being sentenced on June 21, 2018, I was handed a collection of emails by my attorney while I was being escorted off to jail." In one of the emails, which appellant attached to his motion, the defense's expert indicated that there were no samples to be tested in the envelopes the testing company received because the samples had been consumed.

{¶ 28} Appellant did not offer an explanation in his motion as to why it took him over two and one-half years to file the motion. Courts, including this one, have held that similar and less delays are unreasonable. *See State v. Crespo*, 8th Dist. Cuyahoga Nos. 109617 and 109741, 2021-Ohio-848, ¶ 14 (two and one-half year

delay in filing motion deemed unreasonable where defendant failed to present any explanation justifying the delay); *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 15 (two-year delay considered unreasonable); *State v. Morgan*, 10th Dist. Franklin No. 12AP-241, 2012-Ohio-5773, ¶ 13 (ten-month delay deemed unreasonable in light of defendant's failure to present a reason in support of the delay); and *State v. Miley*, 8th Dist. Cuyahoga No. 83152, 2004-Ohio-641, ¶ 4 (three-year delay unreasonable).

{¶ 29} Appellant's delay of over two years, without explanation, was sufficient grounds for denial of his request to withdraw his plea.

### Appellant's Claims are Barred under the Doctrine of Res Judicata

{¶ 30} Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he or she raised or could have raised on direct appeal. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9; *see also State v. Dent*, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, ¶ 4; *State v. Conner*, 8th Dist. Cuyahoga No. 98084, 2012-Ohio-3579, ¶ 7.

{¶ 31} In his motion, appellant raised issues regarding chain of custody and the admission of the DNA evidence. The record demonstrates that prior to filing his direct appeal, appellant had numerous pieces of evidence relating to the testing results and the chain of custody report. Indeed, appellant averred in his affidavit that his "attorney made significant headway in cross-examining Investigator Kratsas

and in exposing irregularities in the chain of custody process." The record demonstrates that a copy of the transcript of the suppression hearing was available to appellant and his counsel when the record was filed in his direct appeal. All the issues appellant raises he would have been aware of at the time of his plea and sentencing. Appellant could have raised these issues on direct appeal, and he is now barred from raising them.

**Appellant has Failed to Demonstrate Ineffective Assistance of Trial Counsel**

{¶ 32} Appellant also contends that his trial counsel was ineffective, and he would not have entered a guilty plea if he knew "there was a significant likelihood that the DNA evidence in the case very possibly could have been excluded."

{¶ 33} A criminal defendant has the right to effective assistance of counsel at all "'critical stages of a criminal proceeding,'" including when he or she enters a guilty plea. *Lee v. United States*, 582 U.S. ___ , 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 34} To establish ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio

St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 35} Where a defendant enters a guilty plea, he or she waives the claim of ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30 (8th Dist.); *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. Accordingly, where a defendant has entered a guilty plea, the defendant can prevail on an ineffective-assistance-of-counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he or she would not have pled guilty to the offenses at issue and would have instead insisted on going to trial. *Vinson* at *id.*; *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill* at 58-59.

{¶ 36} In Ohio, every properly licensed attorney is presumed to be competent. *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Thus, in evaluating counsel's performance on a claim of ineffective assistance of counsel, the court must give great deference to counsel's performance and "indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland* at 689; *see also State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.) ("'A reviewing court will strongly presume that counsel

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

{¶ 37} Appellant acknowledged in his affidavit submitted in support of his motion that his trial counsel "made significant headway in cross-examining Investigator Kratsas and in exposing irregularities in the chain of custody process." Appellant averred that because of counsel's efforts "a plea bargain was offered to [him] wherein [he] was required to plead guilty to one count of rape with several other charges being nolled." Further, appellant acknowledged that "[w]hile there were certainly problems with the way the evidence was taken and maintained, it was not a certainty that the motion to suppress would be granted" and therefore he pled guilty to "minimize [his] exposure" at sentencing.

{¶ 38} Thus, appellant's own averments undercut an ineffective-assistance-of-counsel claim. His averment that had he known about the emails "there is no chance that [he] would have agreed to the offered plea [he] accepted" is conclusory and self-serving. Conclusory, self-serving allegations and unsubstantiated assertions are insufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea. *See, e.g., State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 61; *State v. Johnson*, 12th Dist. Butler Nos. CA2010-12-327 and CA2011-02-019, 2011-Ohio-3015, ¶ 13.

{¶ 39} Appellant further asserts that "there is a strong likelihood" that his expert's testimony "would have resulted in the disqualification of all DNA evidence

against [him]." However, the Supreme Court of Ohio has held that "[q]uestions regarding the reliability of DNA evidence in a given case * * * go to the weight of the evidence rather than its admissibility." *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836 ¶ 85.

{¶ 40} Appellant's contention that his attorney could have gotten the state's DNA expert disqualified is based on his mistaken belief that the evidence could not be tested by his expert because it had been fully "consumed" by the prosecutor. However, evidence in the record from the DNA technical leader at BCI indicated that the evidence was not consumed. The technical leader represented that the subject item, BCI item 3, was an envelope with three sealed envelopes. He explained how the evidence was analyzed and why it was not considered consumed as follows:

> For Item 3.1, the analyst swabbed the inside of the envelope and cut all of this swab for DNA extraction. For Item 3.2, visible debris in the envelope was collected by the analyst onto a swab that was cut for DNA extraction. Item 3.3 also contained visible debris that was swabbed by the analyst and submitted for DNA extraction. In this situation, the sub-items 3.1, 3.2, and 3.3 were not reported as consumed because the analyst considered additional swabbings from the inside of the envelopes as a possibility for additional testing.

{¶ 41} Regardless of whether the sample was consumed, unless a criminal defendant can show bad faith, the state's failure to preserve potentially useful evidence — "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant" — does not constitute a violation of the Due Process Clause of the United States Constitution's Fourteenth Amendment. *Arizona v. Youngblood*, 488 U.S. 51, 57, 109 S.Ct. 333, 102

L.Ed.2d 281 (1988). "The Due Process Clause of the Fourteenth Amendment does not require the prosecution to preserve samples for independent analysis unless the sample possesses an exculpatory value that is apparent before the sample is destroyed, and the defendant is unable to obtain comparable evidence by other reasonably available means." *State v. Estep*, 73 Ohio App.3d 609, 612, 598 N.E.2d 96 (10th Dist.1991). The evidence here was inculpatory, not exculpatory, and there was no evidence of bad faith on the part of the state.

{¶ 42} Appellant could have had the state's results reviewed and analyzed by an independent expert, but trial counsel chose not to, a decision which is entitled to deference as strategy. *See State v. Abercrombie*, 8th Dist. Cuyahoga No. 88625, 2007-Ohio-5071, ¶ 21 (Defense counsel's decision not to call an expert to testify as to DNA methodology is a tactical decision). As this court has explained, there are strategic reasons why trial counsel would make this choice: "For example, it is possible that an expert witness on this topic may have approved the methodology and thereby bolstered the prosecution's case." *Id.*

{¶ 43} Our review of the record before us demonstrates that appellant has failed to show that his trial counsel was ineffective.

{¶ 44} The trial court did not abuse its discretion by denying appellant's postsentence motion to withdraw his plea.

**Petition for Postconviction Relief**

{¶ 45} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 8th Dist.

Cuyahoga No. 108646, 2020-Ohio-1502, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). To prevail on a petition for postconviction relief, a defendant must establish a violation of his or her constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 46} It is well settled that a hearing is not automatically required whenever a petition for postconviction relief is filed. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in considering a petition for postconviction relief, a trial court acts as a gatekeeper in determining whether a defendant will receive a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. This court reviews the trial court's decision granting or denying a postconviction petition for an abuse of discretion. *State v. Kent*, 8th Dist. Cuyahoga No. 94562, 2010-Ohio-6368, ¶ 8, citing *Gondor* at ¶ 52.

{¶ 47} Ohio's postconviction statute provides in relevant part:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The

petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1).

**Appellant's Petition was Untimely**

{¶ 48} Pursuant to R.C. 2953.21(A)(2), a postconviction petition shall be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. The record on appeal was filed August 14, 2018, thus, making the deadline for appellant to file a petition on August 14, 2019. Appellant filed his petition on April 5, 2021, well past the deadline. He acknowledges that his petition was untimely but contends that the exceptions under R.C. 2953.23(A)(1) or (2) apply.

{¶ 49} Under R.C. 2953.23(A)(1), a court may not entertain a petition filed after the expiration of the period unless:

(1) *Both* of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(Emphasis added.) R.C. 2953.23(A)(1).

{¶ 50} The other way a court may entertain a petition filed after the expiration of the period is if the following occurred:

> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

R.C. 2953.23(A)(2).

{¶ 51} A trial court lacks authority to grant an untimely petition unless one of the two statutory exceptions applies. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 22.

{¶ 52} Appellant contends that R.C. 2953.23(A)(1) applies because his "due process rights were curtailed significantly by the failure of his own counsel to fully utilize the court appointed expert in this matter." However, the trial court could not entertain a petition filed after the expiration period unless both section (a) and (b) of R.C. 2953.23(A)(1) applied, and the record demonstrates that appellant did not satisfy either.

{¶ 53} Appellant has not advanced any argument that he was unavoidably prevented from the discovery of any evidence. He also has not argued that the

United States Supreme Court has since recognized a new right that applies retroactively to his case.

{¶ 54} The record demonstrates that appellant was not unavoidably prevented from discovery of the facts on which he relies for postconviction relief. Rather, the record shows that appellant was present at the suppression hearing, at which his counsel stated on the record that the defense did not yet have a report from the defense DNA expert, but that the defense wished to proceed on the chain of custody issue.

{¶ 55} Investigator Kratsas testified about sending the wall scrapings evidence to DNA diagnostics. He testified that on request from defense counsel, he requested the evidence from the Cleveland Division of Police, received the evidence which was sealed in an envelope, put it in a secured locker, and then sent the evidence to BCI. Kratsas reiterated that the evidence was sealed at all pertinent times: when it was received by BCI, when it was received by the Cleveland Division of Police, and when it was sent to the defense's expert.

{¶ 56} Appellant's counsel thoroughly cross-examined Investigator Kratsas about the chain of custody. Indeed, appellant averred in his affidavit in support of his petition that he believed his attorney "made significant headway in cross-examining Kratsas and in exposing irregularities in the chain of custody process." Appellant further averred that "there were certainly problems with the way the evidence was taken and maintained" but he decided to plead guilty notwithstanding

the "problems" because "it was not a certainty that the motion to suppress would be granted."

{¶ 57} Appellant further acknowledges that he had the specific evidence he relies on, including emails from BCI and his expert, as of the sentencing date. He averred that "[i]mmediately subsequent to being sentenced on June 21, 2018, I was handed a collection of emails by my attorney while I was being escorted off to jail."

{¶ 58} On this record, appellant was not unavoidably prevented from discovering the facts on which his petition for postconviction relief rests under R.C. 2953.23(A)(1)(a).

{¶ 59} Further, appellant has also failed to demonstrate that he is entitled to relief under R.C. 2953.23(A)(1)(b). He contends that "if the State's DNA evidence were to be excluded, * * * his actual innocence would be established since there would be no viable case to present against him." The statute refers only to DNA testing results, not general arguments of actual innocence. Further, a claim of actual innocence "'is not itself a constitutional claim,'" nor does it constitute a substantive ground for postconviction relief. *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 26, quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *see also State v. Willis*, 2016-Ohio-335, 58 N.E.3d 515, ¶ 15-19 (6th Dist.) (actual innocence claim is not a "constitutional error at trial" under R.C. 2953.23(A)(1)(b)).

{¶ 60} In regard to R.C. 2953.23(A)(2), the DNA testing in this case was not done at appellant's behest. Rather, it was the state that requested the testing. Thus,

R.C. 2953.23(A)(2) is inapplicable. *See Apanovitch* at ¶ 29 ("The statutory language of R.C. 2953.23(A)(2) * * * is * * * circumscribed. It confers jurisdiction over a select class of DNA-based actual-innocence claims — only those arising from *an eligible offender's application* for DNA testing under R.C. 2953.71 to 2953.81 or under former R.C. 2953.82."). (Emphasis added.)

{¶ 61} In light of the above, appellant's petition for postconviction relief was untimely and not subject to either of the exceptions for untimely petitions under R.C. 2953.23(A). "[A] trial court need not issue findings of fact and conclusions of law when it dismisses an untimely petition." *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6; *see also State v. Perotti*, 8th Dist. Cuyahoga No. 89731, 2008-Ohio-1266, ¶ 9.

{¶ 62} The trial court did not abuse its discretion by denying appellant's petition for postconviction relief without a hearing and without issuing findings of fact and conclusions of law.

{¶ 63} The second assignment of error is overruled.

{¶ 64} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR