[Cite as *State v. Borden*, 2019-Ohio-424.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                    Court of Appeals No. WD-18-015

      Appellee                                              Trial Court No. 2016CR0346

v.

Martaz Borden                                             **DECISION AND JUDGMENT**

      Appellant                                             Decided:  February 8, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T.
Harold and Jim Hoppenjans, Assistant Prosecuting Attorneys,
for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the February 5, 2018 judgment of the Wood County

Court of Common Pleas, sentencing appellant, Martaz Borden, to 14 months of

incarceration.  For the reasons set forth below, we affirm the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to fourteen months in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.

## Background

**{¶ 3}** On September 29, 2015, appellant was operating a vehicle when an Ohio State Highway Patrol officer observed appellant speeding. The officer initiated a traffic stop, and while interacting with appellant, noticed the odor of raw marijuana and an alcoholic beverage. The officer searched the vehicle appellant had been driving and found a 24- ounce bottle of Faygo Rock and Rye with a red liquid inside. Subsequent testing revealed the liquid was 425.5 grams of a Schedule V preparation containing codeine.

**{¶ 4}** On July 21, 2016, appellant was indicted on one count of possession of drugs, in violation of R.C. 2925.11(A) and (C)(2)(b), a felony of the fourth degree. Appellant pled not guilty to the charge.

**{¶ 5}** On December 5, 2017, appellant entered a guilty plea to one count of possession of drugs, a felony of the fourth degree. As part of the plea agreement, the state recommended community control sanctions with an alcohol and drug assessment.

2.

{¶ 6} On February 2, 2018, a sentencing hearing was held, and appellant was sentenced to 14 months in prison. On February 5, 2018, the court filed the judgment entry on sentencing. Appellant appealed.

**Arguments**

{¶ 7} Appellant contends he pled guilty to a nonviolent, fourth-degree felony, and there is a presumption that the trial court impose community control sanctions absent a prior felony conviction and/or other factors. Appellant argues the court failed to fully comply with the requirements of R.C. 2929.11 and 2929.12, in ordering his prison sentence because the court focused on his history, in prior cases, of violating the terms of his probation, and failed to consider any mitigating factors. Appellant maintains his "counsel discussed with the court that Appellant has a good employment history and seven children that he provides care for." Appellant acknowledges he is "dependent on drugs and has a criminal record that reflects his addiction issues."

{¶ 8} The state counters the sentence imposed by the trial court fully complies with the requirements of R.C. 2929.11 and 2929.12. The state observes that at the sentencing hearing, the court recognized a presentence investigation report ordered and prepared. The state acknowledges community control was requested, as appellant has some employment history and seven children, and appellant's counsel sought drug and alcohol assessments for appellant as well as a mental health evaluation. The state notes appellant's counsel conceded appellant had ongoing criminal matters in Michigan relating to appellant's drug addiction.

3.

**{¶ 9}** The state further submits the court referenced appellant's criminal history, which included that "[a]ppellant was under probation for dangerous drugs when he was charged in the present matter, constituting a violation of that probation." The state observed that "[t]he trial court noted that Appellant possessed a history of violent offenses and had served time in the Michigan Department of Corrections" and "[t]he trial court also emphasized that Appellant continued to engage in serious criminal activity, despite having previously been punished with prison time and his ongoing probationary status."

## Law

**{¶ 10}** Our review of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. In *Tammerine*, we explained appellate review of felony sentencing under R.C. 2953.08(G)(2):

**{¶ 11}** R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

4.

(b) That the sentence is otherwise contrary to law. *Tammerine* at ¶ 11, quoting R.C. 2953.08(G)(2).

{¶ 12} Only R.C. 2929.13(B) is relevant in this case. R.C. 2929.13(B) provides in pertinent part:

(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender * * * pleads guilty to a felony of the fourth * * * degree that is not an offense of violence * * * the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

* * *

(b) The court has discretion to impose a prison term upon an offender who * * * pleads guilty to a felony of the fourth * * * degree that is not an offense of violence * * * if any of the following apply:

* * *

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense * * * while on probation[.]

{¶ 13} A sentence is not contrary to law when the trial court considers the purposes and principles of sentencing under R.C. 2929.11, along with the seriousness and

recidivism factors under R.C. 2929.12, and imposes a sentence which is within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

{¶ 14} R.C. 2929.11(A) provides that a sentencing court "shall be guided by the overriding purposes of felony sentencing * * * [which] * * * are to protect the public from future crime by the offender" as well as "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(B) states the felony sentence is to be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" as well as "consistent with sentence imposed for similar crimes committed by similar offenders."

{¶ 15} R.C. 2929.12(A) sets forth factors relating to the seriousness of the offender's conduct, the likelihood of recidivism, and the offender's service in the armed forces.

{¶ 16} Pursuant to R.C. 2929.14(A)(4), the statutory sentencing range for a fourth-degree felony is between 6 and 18 months.

### Analysis

{¶ 17} Upon review, appellant was sentenced to a prison term of 14 months, which is within the permissible range. *See* R.C. 2929.14(A)(4).

{¶ 18} With respect to R.C. 2929.11 and 2929.12, the trial court set forth in the sentencing judgment entry that prior to imposing sentence, it considered "the purposes

6.

and principles of sentencing set forth in Ohio Revised Code Section 2929.11 and the factors in Ohio Revised Code Section 2929.12 as well as the seriousness, recidivism factors." The court further set forth it "found that a prison term was consistent with the purposes and principles under Ohio Revised Code Section 2929.11, and permissible pursuant to R.C. 2929.13." The specific reasons listed by the court for imposing a prison term included: the offender previously served a prison term, the offender has a history of criminal convictions, and the offender has not responded favorably to sanctions previously imposed for criminal convictions.

{¶ 19} At the sentencing hearing, the trial court referenced R.C. 2929.11 and stated "the overriding purpose of sentencing is to punish the offender and protect the public from future crime * * * using the minimum sanctions." The court noted it always considers "the need for incapacitation, deterrence, rehabilitation, and restitution." The court further remarked that "[s]entences should be commensurate with and not demeaning to the offender's impact on the victim, consistent with sentences for similar crimes by similar offenders." The court indicated a presentence investigation report was ordered and prepared. The court noted appellant had a long criminal history, which included violent offenses, and appellant had "been on probation for dangerous drugs, * * * [and] there's been a probation violation filed and pending." The court stated, "[y]ou've been on probation. You've * * * gone to prison, and you still have continued to commit offenses * * * that are serious in nature." The court recognized appellant was asking for community control. The court inquired of appellant, "[h]ow can this court in

7.

any way guarantee that you'll follow community control when in the past you haven't?" Appellant responded he was "really trying to put [his] life together." The court concluded "it does appear that there's a high likelihood of recidivism."

{¶ 20} Based upon the language in the judgment entry on sentencing as well as the court's statements at the sentencing hearing, we conclude the trial court complied with all of the applicable sentencing obligations under R.C. 2929.11 and 2929.12. We therefore find appellant's sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2). Lastly, we find the record supports appellant's sentence. Accordingly, appellant's assignment of error is not well-taken.

{¶ 21} The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

                                                 JUDGE

Arlene Singer, J.          

Christine E. Mayle, P.J.          _____
CONCUR.                                          JUDGE

                                            _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.