[Cite as *State v. Russell*, 2019-Ohio-704.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107215**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**THEODORE RUSSELL**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616171-A

**BEFORE:** S. Gallagher, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 28, 2019

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
2200 Terminal Tower
50 Public Square
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Kelly N. Mason
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


SEAN C. GALLAGHER, P.J.:

**{¶1}**   Theodore Russell appeals his conviction for a second-degree felony drug trafficking offense and claims the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 or the sentencing factors under R.C. 2929.12.   In the alternative, Russell claims his guilty plea was not knowing and voluntary because the court "should have done more to fully explain the rights" he was waiving.   Neither argument has merit, but both will be addressed in the order presented.

**{¶2}** In support of appellate review of his sentence, Russell cites R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.   Russell concedes that the trial court was required to impose a minimum two-year sentence, but he claims the four-year sentence imposed was not supported by the record.   The trial court was authorized to impose a prison term of up to eight years.   Russell has not demonstrated error under *Marcum*.

**{¶3}** *Marcum* authorizes a felony sentencing review of sentences that is not expressly provided under R.C. 2953.08. *Marcum* at ¶ 23. That statutory section sets forth the boundaries of appellate review over felony sentences and establishes a deferential standard of review of the findings necessary to impose certain sentences. As the Ohio Supreme Court noted, however, "some sentences do not require the findings that R.C. 2953.08(G) specifically addresses." *Id.* Nevertheless, "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Id.* *Marcum* provides the only avenue for appellate review of Russell's mid-range sentence. None of the express provisions under R.C. 2953.08(A), which statutorily authorize appellate review of certain felony sentences, apply. *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702, ¶ 40-41 (8th Dist.) (S. Gallagher, J., dissenting) (*Marcum* reviewed an otherwise unreviewable sentence under R.C. 2953.08(A), and as a result, the review set forth in *Marcum* stands apart from the statutory review).

**{¶4}** "When sentencing a defendant, the court must consider the purpose and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12." *State v. White*, 8th Dist. Cuyahoga No. 106580, 2018-Ohio-3414, ¶ 7, citing *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. Consideration of the factors is presumed unless proven otherwise by the defendant. *Id.* at ¶ 9, citing *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, and *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234. Thus, it is the trial court that possesses discretion to sentence offenders and appellate courts must defer to the trial court's sentencing decision. *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 20 (8th Dist.), quoting *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10; *State v. Hairston*, 118 Ohio St.3d 289,

2008-Ohio-2338, 888 N.E.2d 1073, ¶ 16; *Marcum*. As a result, and even under R.C. 2953.08(G) as interpreted through *Marcum*, we can reverse an individual felony sentence imposed solely after consideration of R.C. 2929.11 and 2929.12 only if we clearly and convincingly find that the record does not support the sentence. *Marcum* at ¶ 23.

{¶5} In this case, the trial court reviewed the presentence investigation report and the state asked for greater emphasis to be given to Russell's criminal history. In addition, the trial court expressly considered Russell's remorse and addictive tendencies, his inability to maintain employment, and his noted lack of a felony conviction after 2000. Defense counsel asked the trial court to additionally consider Russell's age, the fact that Russell had minor children to support, and to place greater weight on Russell's lack of a recent felony conviction. Thus, the trial court considered the relevant purposes and principles of sentencing and the sentencing factors even if the court did not expressly cite the statutory sections during the sentencing hearing. Importantly, and even under the *Marcum* analysis, Russell has failed to demonstrate that his four-year sentence is clearly and convincingly not supported by the record.

{¶6} Finally, Russell claims his guilty plea was not knowing and voluntary because the trial court "should have done more to fully explain the rights" Russell was waiving and failed to mention that it could proceed to sentencing immediately after the guilty plea was accepted.

{¶7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93,

364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*. In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero* at 108.

{¶8} Russell has not demonstrated prejudice, let alone has he argued that the trial court's plea colloquy was not in compliance with the criminal rule. His sole argument is that the trial court should have done more than was required. Although it is always possible to provide more information to a defendant during the plea colloquy, the failure to do so is not a basis for reversal if the trial court otherwise complies with Crim.R. 11. On this point, Russell has not suggested, let alone demonstrated, that the trial court erred.

{¶9} In the alternative, Russell claims that the trial court failed to inform him that he could be immediately sentenced as a result of the guilty plea and that such a failure invalidated the plea. Russell is mistaken, notwithstanding the fact that the trial court postponed sentencing for the purpose of conducting a presentence investigation. According to the record, the trial court notified Russell during the plea colloquy that upon accepting the guilty plea, the court was required to impose a prison sentence of at least two years. This satisfied any Crim.R. 11 concerns. The second, and final, assignment of error is overruled.

{¶10} The conviction is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR