[Cite as *State v. Williams*, 2019-Ohio-1348.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107416**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARRYL W. WILLIAMS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-622120-A

**BEFORE:** S. Gallagher, P.J., Laster Mays, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** April 11, 2019

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
2200 Terminal Tower
50 Public Square
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Melissa Riley
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, P.J.:

{¶1}   Darryl Williams appeals his conviction for a first-degree rape, in which he claims the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 or the sentencing factors under R.C. 2929.12 and failed to make the required findings under R.C. 2929.14(C)(4).   In addition, Williams claims his guilty plea was not knowing and voluntary because the court "should have done more to fully explain the rights" he was waiving.   As part of the plea, Williams agreed that his sentence imposed on the rape count would be served consecutive to a sentence in another case he was already serving.   We affirm.

{¶2} In support of appellate review of his sentence, Williams cites R.C. 2953.08(G)(2), implicitly relying on *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.   Williams's conviction stems from a rape committed in 1998, and as a result, the maximum term of imprisonment for the first-degree offense is ten years.   He contends that the trial court

failed to consider the sentencing factors and the principles and purposes of sentencing because if the court had, Williams's remorse and conduct in the ensuing years would have demonstrated that a shorter prison term would have sufficed. Williams has not demonstrated error.

{¶3} Under R.C. 2953.08(A)(1), maximum sentences imposed for one offense are appealable. That statutory section sets forth the boundaries of appellate review over felony sentences and establishes a deferential standard of review of the findings necessary to impose certain sentences. Under division (G)(2) of that statutory section, however, appellate courts are only permitted to review certain findings or whether a sentence is contrary to law. *Id.* (appellate court may reverse a sentence if the record does not support the findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), R.C. 2929.20(I), or if the sentence is contrary to law).

{¶4} In this case, the trial court specifically considered the sentencing factors and the principles of sentencing under R.C. 2929.11 and 2929.12. The trial court expressly stated that all relevant seriousness and recidivism factors and Williams's history of criminal conduct and remorse as set forth by trial counsel during the sentencing hearing were considered. The sentence is not contrary to law. *State v. Borden*, 6th Dist. Wood No. WD-18-015, 2019-Ohio-424, ¶ 13; *State v. Wilson*, 8th Dist. Cuyahoga No. 106862, 2019-Ohio-150, ¶ 8. Further, Williams does not argue that the record does not support the sentence under the standard announced in *Marcum.* App.R. 16(A)(7).

{¶5} Williams next contends that the trial court failed to make the findings necessary to the imposition of consecutive service of the prison term. Generally under R.C. 2929.14(C)(4), the trial court is required to make findings before imposing consecutive sentences. Williams, however, agreed to serve his term of imprisonment in such a manner, relieving the trial court of

the need to justify the discretionary imposition of consecutive sentences by making the findings under R.C. 2929.14(C)(4).

{¶6} Consecutive-sentence findings are not required when the state and the defendant jointly recommend a sentence that includes nonmandatory consecutive sentences. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 14. Even in the absence of the R.C. 2929.14(C)(4) findings, a consecutive sentence is authorized by law when the defendant agrees to serve a term of imprisonment imposed upon a felony offense consecutive to another term. *Id.* A "joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review." *Id.*, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, and R.C. 2953.08(D)(1). "Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Porterfield* at ¶ 25.

{¶7} The only difference between *Sergent* and the current case is the fact that Williams did not agree to serve a specific sentence on the underlying conviction. He agreed to permit the trial court discretion to impose any sentence within the range for the first-degree felony, but he agreed to serve that term consecutive to a term of imprisonment imposed in another case.[1] This distinction is of little consequence. Although the base sentence is potentially reviewable under

---

[1] "A plea agreement is a contract between the state and a criminal defendant and is subject to contract-law principles." *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 36, citing *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). In exchange for dismissing several counts, Williams agreed to serve any sentence within the range for the first-degree felony rape offense consecutive to another sentence he was already serving. Despite the fact that the agreed sentencing range was any permissible sentence for that offense, the state offered a deal in exchange for dismissing several counts that could have increased Williams's sentencing exposure. In light of the contract principles at play, especially given the parties' agreement, R.C. 2953.08(D)(1) should preclude any challenge to the sentence imposed in this case. The state, however, did not discuss this concept in its appellate briefing. Under App.R. 16(A)(7), we shall not consider the argument either.

R.C. 2953.08(A)(1), the consecutive nature of that sentence is not. *Sergent* at ¶ 30. The state agreed to dismiss several charges in exchange for Williams's agreement to plead guilty to the rape knowing that any sentence imposed would be consecutively served. Williams received the benefit of the bargain and, in doing so, relieved the trial court of the need to justify the consecutive sentence. The sentence imposed and the manner in which it is served is authorized by law and not subject to appellate review.

{¶8} Finally, Williams claims his guilty plea was not knowing and voluntary because the trial court "should have done more to fully explain the rights" Williams was waiving. This specific argument was made and rejected in *State v. Russell*, 8th Dist. Cuyahoga No. 107215, 2019-Ohio-704. The same analysis applies with equal force to this case.

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*. In addition, when challenging his guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero* at 108.

**{¶10}** Williams has not demonstrated prejudice, let alone has he argued that the trial court's plea colloquy was not in compliance with the criminal rule. His sole argument is that the trial court should have done more than was required. "Although it is always possible to provide more information to a defendant during the plea colloquy, the failure to do so is not a basis for reversal if the trial court otherwise complies with Crim.R. 11." *Russell* at ¶ 9. As in *Russell*, Williams has not suggested, let alone demonstrated, that the trial court erred.

**{¶11}** We affirm.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR