# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GREGORY A. BARNHART,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0119**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19 CR 925

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. James R. Wise*, 91 West Taggart, P.O. Box 85, East Palestine, Ohio 44413, for Defendant-Appellant

Dated: June 28, 2022

_____

**WAITE, J.**

{¶1} Appellant Gregory A. Barnhart appeals a January 17, 2020 judgment entry of the Mahoning County Court of Common Pleas convicting him on two counts of aggravated vehicular homicide. Appellant appeals only his sentence, challenging whether a trial court must make the R.C. 2929.14(C)(4) consecutive sentence findings where the court accepts a jointly-recommended sentence. Pursuant to *State v. Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} On September 28, 2019, Appellant caused a traffic accident, colliding his vehicle into a van carrying two passengers. Both passengers in the van were killed as a result of the accident. At the scene, it was determined that Appellant was under the influence of an illegal substance, later found to be marijuana. On October 31, 2019, Appellant was indicted on: two counts of aggravated vehicular homicide, a felony of the second degree in violation R.C. 2903.06(A)(1)(a), (B)(2)(a); two counts of aggravated vehicular homicide, a felony of the third degree in violation of R.C. 2903.06(A)(2)(a), (B)(3); one count of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(j)(viii)(I), (G)(1)(a); and one count of operating a vehicle under the influence of alcohol or a drug of abuse, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a), (G)(1)(a).

**{¶3}** On January 17, 2020, Appellant pleaded guilty to two counts of aggravated vehicular homicide, counts one and two of the indictment. The remaining charges were dismissed. After accepting Appellant's guilty plea, the court immediately proceeded to sentencing. The court accepted the parties' joint recommendation: an indefinite sentence with a minimum of six years of incarceration and a maximum of eight years on each count, to run consecutively, for an aggregate total of a minimum of twelve years to a maximum term of fifteen years. Appellant also received a lifetime driver's license suspension. It is from this entry that Appellant timely appeals.

ASSIGNMENT OF ERROR

The Trial Court failed to properly sentence the Defendant to consecutive sentences.

**{¶4}** Appellant argues in conclusory fashion that a trial court is required to make the requisite R.C. 2929.14(C)(4) consecutive sentence findings even where a trial court imposes a jointly-recommended sentence. Citing *Sergent,* the state responds by arguing that the court is not required to make the statutory findings under these circumstances.

**{¶5}** In *Sergent,* the Ohio Supreme Court held that where a jointly-recommended sentence is accepted by the trial court, the court is not required to make the R.C. 2929.14(C)(4) findings.

**{¶6}** It is readily apparent from the record that the sentence imposed by the court, including the consecutive nature of the sentence, was jointly recommended to the court. It is also apparent that Appellant understood this fact. At the sentencing hearing, the following colloquy occurred between the judge and Appellant:

**THE COURT**: This is an agreed-upon recommendation to the court, agreed upon by the parties and recommended to the court. And if I adopt it, by law you have no right to appeal. Are you aware of that?

**THE DEFENDANT**: Yes, Your Honor.

\* \* \*

**THE COURT**: And so as the agreement goes, the minimum sentence that you would serve is 12 years, and the maximum sentence would be 15 years?

**THE DEFENDANT**: Yes, Your Honor.

(1/9/20 Hrg. Tr., pp. 11, 15.)

**{¶7}** Hence, it is apparent that Appellant understood his sentences would run consecutively and the sentence in its entirety had been jointly recommended to the court on his behalf. Pursuant to *Sergent,* the trial court was not required to make the R.C. 2929.14(C)(4) findings. Appellant's sole assignment of error is without merit and is overruled.

Conclusion

**{¶8}** Appellant argues that a trial court must make the R.C. 2929.14(C)(4) consecutive sentence findings where the court accepts a jointly-recommended sentence. Pursuant to *State v. Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, Appellant's argument is without merit and judgment of the trial court is affirmed.

Case No. 20 MA 0119

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

[Cite as *State v. Barnhart*, 2022-Ohio-2338.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**