[Cite as *State v. Hawkins*, 2025-Ohio-1303.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN CLAY HAWKINS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0047**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 24 CR 7

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee

*Atty. Robert T. McDowall Jr.*, for Defendant-Appellant.

Dated: April 7, 2025

_____

**DICKEY, J.**

**{¶1}** Appellant, Brian Clay Hawkins, appeals from the September 16, 2024 judgment of the Belmont County Court of Common Pleas convicting him on a single count of attempted possession of a deadly weapon while under detention and sentencing him to 12 months in prison, to be served consecutively to his existing 10-year prison term for rape and kidnapping with a sexual motivation specification (merged), Montgomery County Case No. 2015-CR-1099, following a guilty plea. In this appeal, Appellant takes issue with his sentence. Appellant challenges whether a trial court must make the R.C. 2929.14(C)(4) consecutive sentence findings, involving unrelated felonies occurring in different cases, where the court accepts a jointly recommended sentence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On January 4, 2024, Appellant was indicted by the Belmont County Grand Jury on one count of possession of a deadly weapon while under detention, a felony of the second degree in violation of R.C. 2923.131(B) and (C)(2)(b)(i). The charge stems from Appellant's possession of a handmade weapon while incarcerated at Belmont Correctional Institution for the above referenced Montgomery County Case No. 2015-CR-1099. Appellant was appointed counsel and pled not guilty at his arraignment.

**{¶3}** Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio. A change of plea hearing was held on September 13, 2024. Appellant withdrew his former not guilty plea and entered an oral and written guilty plea to an amended count one: attempted possession of a deadly weapon while under detention, a felony of the third degree in violation of R.C. 2923.03(A) and 2923.131(B) and (C)(2)(b)(i).

**{¶4}** The parties jointly recommended a sentence of 12 months, to be served consecutively to the prison term Appellant is currently serving in Montgomery County Case No. 2015-CR-1099. Specifically, Appellant's written guilty plea states: "Joint recommendation of a 12 month prison sentence to be served consecutively to Defendant's current prison sentence." (9/16/2024 Plea of Guilty Petition, p. 3). Also, the following exchange occurred between the trial judge and Appellant at the plea hearing:

Case No. 24 BE 0047

THE COURT: All right.

Mr. Hawkins, I have a plea agreement in front of me. That plea agreement has you pleading guilty to an amended charge of attempted possession of a deadly weapon while under detention, a felony of the third degree, which means you face a maximum sentence of up to three years in prison.

And the recommendation I have in that plea agreement is a joint recommendation of a 12-month prison sentence to be served consecutively to the defendant's current prison sentence.

Is that your understanding of the plea agreement?

THE DEFENDANT: Yes, sir.

(9/13/2024 Plea Hearing Tr., p. 3-4).

{¶5} The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The parties waived a PSI and the court moved directly to sentencing.

{¶6} The trial court adopted the jointly recommended sentence of the parties, stating:

[T]he Court sentences the Defendant to serve twelve (12) months in the penitentiary consecutive to his current prison term. Said sentence is authorized by law and has been recommended jointly by the Defendant and the State of Ohio. Therefore, the Court does not need to independently justify this sentence.

(9/16/2024 Sentencing Entry, p. 2).

{¶7} Appellant filed a timely appeal and raises one assignment of error.

Case No. 24 BE 0047

## ASSIGNMENT OF ERROR

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE CASE AT BAR BY IMPOSING AGREED UPON CONSECUTIVE SENTENCES FOR UNRELATED FELONIES AND FAILING TO MAKE STATUTORY FINDINGS PER R.C. 2929.14(C)(4) AT THE SENTENCING HEARING AND INCORPORATING ITS FINDINGS IN THE SENTENCING ENTRY.**

{¶8} In his sole assignment of error, Appellant argues the trial court is required to make the R.C. 2929.14(C)(4) consecutive sentence findings, involving unrelated felonies occurring in different cases, where the court accepts a jointly recommended sentence.

{¶9} This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶10} R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶11}** While a defendant does generally have a right to appeal, "A sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

**{¶12}** Generally, a trial court is required to make findings before imposing consecutive sentences under R.C. 2929.14(C)(4). *See State v. Williams*, 2019-Ohio-1348, ¶ 5 (8th Dist.). However, regarding a jointly recommended sentence that includes consecutive sentences, the Supreme Court of Ohio in *State v. Sergent*, 2016-Ohio-2696, held:

> [I]n the context of a jointly recommended sentence . . . a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless "authorized by law" and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

*Id.* at ¶ 43; *see also State v. Barnhart*, 2022-Ohio-2338, ¶ 5 (7th Dist.), citing *Sergent* ("the Ohio Supreme Court held that where a jointly-recommended sentence is accepted by the trial court, the court is not required to make the R.C. 2929.14(C)(4) findings.")

**{¶13}** It is readily apparent from the record that the sentence imposed by the trial court, including the consecutive nature of the sentence, was jointly recommended to the court. It is also apparent from the record that Appellant understood this fact.

**{¶14}** As stated, Appellant's written guilty plea provides: "Joint recommendation of a 12 month prison sentence to be served consecutively to Defendant's current prison sentence." (9/16/2024 Plea of Guilty Petition, p. 3). The written guilty plea reveals Appellant "enter[ed] this plea knowingly, intelligently, and voluntarily." (*Id.* at p. 4).

**{¶15}** Also, at the plea hearing the trial judge stated, "And the recommendation I have in that plea agreement is a joint recommendation of a 12-month prison sentence to be served consecutively to the defendant's current prison sentence." (9/13/2024 Plea

Case No. 24 BE 0047

Hearing Tr., p. 4). The judge asked Appellant, "Is that your understanding of the plea agreement?" (*Id.*) Appellant replied, "Yes, sir." (*Id.*)

{¶16} Thus, the record establishes Appellant understood his sentences in both cases would run consecutively and the sentence in its entirety had been jointly recommended to the court. Pursuant to *Sergent,* the trial court was not required to make the R.C. 2929.14(C)(4) findings. *See also Barnhart*, 2022-Ohio-2338, at ¶ 7 (7th Dist.).

{¶17} In a similar case involving a defendant agreeing to serve his current term consecutive to a term of imprisonment imposed in another case, our Sister court stated:

> Even in the absence of the R.C. 2929.14(C)(4) findings, a consecutive sentence is authorized by law when the defendant agrees to serve a term of imprisonment imposed upon a felony offense consecutive to another term. [*Sergent,* 2016-Ohio-2696, at ¶ 14.] A "joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review." *Id.*, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, and R.C. 2953.08(D)(1). "Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Porterfield* at ¶ 25.

*State v. Williams*, 2019-Ohio-1348, ¶ 6 (8th Dist.).

{¶18} The Eighth District further held:

> [The defendant] agreed to serve that term consecutive to a term of imprisonment imposed in another case. . . . Although the base sentence is potentially reviewable under R.C. 2953.08(A)(1), the consecutive nature of that sentence is not. *Sergent* at ¶ 30. The state agreed to dismiss several charges in exchange for [the defendant's] agreement to plead guilty to the rape knowing that any sentence imposed would be consecutively served. [The defendant] received the benefit of the bargain and, in doing so, relieved the trial court of the need to justify the consecutive sentence. The sentence

imposed and the manner in which it is served is authorized by law and not subject to appellate review.

*Williams* at ¶ 7.

{¶19} Like the defendant in *Williams*, Appellant in the case at bar agreed to serve his current term consecutively to a term of imprisonment imposed in his other case, Montgomery County Case No. 2015-CR-1099. The State agreed to a lesser charge in exchange for Appellant's agreement to plead guilty knowing that any sentence imposed would be consecutively served to his other case. Specifically, the parties jointly recommended a 12-month prison term to be served consecutively to his other case. Appellant obtained the benefit of the bargain in receiving a lesser charge and, in doing so, relieved the trial court of the need to justify the consecutive sentence. *See Williams* at ¶ 7. The sentence imposed and the manner in which it is served is authorized by law and not subject to appellate review under R.C. 2953.08(D)(1). *Id.*

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The September 16, 2024 judgment of the Belmont County Court of Common Pleas convicting Appellant on a single count of attempted possession of a deadly weapon while under detention and sentencing him to 12 months in prison, to be served consecutively to his existing prison term in Montgomery County Case No. 2015-CR-1099, following a guilty plea, is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 24 BE 0047

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**