[Cite as *State v. Selhorst*, 2025-Ohio-2392.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,                                    CASE NO. 17-24-13

     PLAINTIFF-APPELLEE,

  V.

DUSTYN J. SELHORST,                               **OPINION AND**
                                                  **JUDGMENT ENTRY**
     DEFENDANT-APPELLANT.

**Appeal from Shelby County Common Pleas Court**
**Trial Court No. 24CR000142**

**Judgment Affirmed**

**Date of Decision:  July 7, 2025**

**APPEARANCES:**

    *Jim R. Gudgel* **for Appellant**

    *Casey R. Kusel* **for Appellee**

**WILLAMOWSKI, J.**

**{¶1}** Defendant-appellant Dustyn J. Selhorst ("Selhorst") appeals the judgment of the Shelby County Court of Common Pleas, arguing that his sentence is contrary to law because the trial court did not make the R.C. 2929.14(C)(4) findings before imposing consecutive sentences. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

**{¶2}** On June 20, 2024, Selhorst was indicted on two counts of kidnapping in violation of R.C. 2905.01(A)(3), first-degree felonies; two counts of domestic violence in violation of R.C. 2919.25(A), third-degree felonies; and one count of strangulation in violation of R.C. 2903.18(B)(2), a third-degree felony. These charges arose from an incident in which Selhorst "held the victim at bay in their home for some time . . .[,] struck her, he head butted her, held a gun to her head, threatened to kill her and himself, made her strip of[f] her clothing while he videotaped it." (Tr. 18).

**{¶3}** On August 5, 2024, Selhorst pled guilty to three counts of aggravated assault in violation of R.C. 2903.12, fourth-degree felonies, and one count of attempted strangulation in violation of R.C. 2923.02 and R.C. 2903.18(B)(2), a fourth-degree felony. The remaining charge in the indictment was dismissed on motion of the State. The trial court then imposed a jointly recommended sentence,

ordering Selhorst to serve four eighteen-month prison terms consecutively for an aggregate sentence of seventy-two months. The judgment entry of sentencing was issued on August 6, 2024.

*Assignment of Error*

**{¶4}** After obtaining leave to file a delayed appeal, Selhorst filed his notice of appeal on November 4, 2024. On appeal, he raises the following assignment of error:

> **The trial court's imposition of consecutive sentences is not clearly and convincingly supported by the record.**

Selhorst argues that his convictions arose from allied offenses that should have merged at sentencing and that the trial court failed to make the consecutive-sentences findings set forth in R.C. 2929.14(C)(4).

*Legal Standard*

**{¶5}** R.C. 2953.08(A) lists specific grounds on which a defendant may appeal a felony sentence and reads, in its relevant part, as follows:

> In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
> . . .
>
> (4) The sentence is contrary to law.

R.C. 2953.08(A). In turn, R.C. 2953.08(D)(1) limits appellate review as follows: "A sentence imposed upon a defendant is not subject to review under this section if

the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶6} "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 2010-Ohio-1, ¶ 20. R.C. 2941.25 is a mandatory sentencing provision that requires convictions for allied offenses of similar import to merge at sentencing. *Id*. at ¶ 25. For this reason,

> when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court.

*Id*. In contrast, if a trial court is not required to impose consecutive sentences, the decision to impose consecutive sentences pursuant to R.C. 2929.14(C) is discretionary. *State v. Sergent*, 2016-Ohio-2696, ¶ 43. Thus,

> in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

*Id*. The rationale behind this rule is that, "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Phillips,* 2020-Ohio-2785, ¶ 27 (3d Dist.), quoting *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

*Legal Analysis*

**{¶7}** On appeal, Selhorst raises two main arguments. First, he argues that his three convictions for aggravated assault were allied offenses of similar import that should have merged at sentencing. To determine whether offenses are subject to merger under R.C. 2941.25, the Ohio Supreme Court has set forth the following test:

> [A] defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*State v. Ruff*, 2015-Ohio-995, ¶ 13. Appellate courts will generally review whether offenses should have merged de novo but will review for plain error only if the defendant did not raise the issue before the trial court. *State v. Dendinger*, 2023-Ohio-4255, ¶ 9 (3d Dist.).

**{¶8}** However, "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error" on appeal. *State v. Rogers*, 2015-Ohio-2459, ¶ 3. Since Selhorst failed to raise this argument before the trial court, we will only review for plain error on appeal. "For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right." *State v. Bradshaw*, 2023-Ohio-1244, ¶ 21 (3d Dist.). Plain error is recognized "with the utmost caution . . . and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

{¶9} In this case, the record indicates that, as part of a course of conduct that began on May 29 and ended on May 30, 2024, Selhorst committed distinct acts of aggravated assault against the victim, including "holding a knife to the victim's throat, slamming the victim against the wall, punching her in the stomach, and punching and head-butting her in the face." (Doc. 5). Since these three convictions arose from separate acts over a period of time, Selhorst's three convictions are not allied offenses of similar import that are subject to merger. *Ruff* at ¶ 13.

{¶10} Further, we also note that, because his sentence complies with the mandatory sentencing provision in R.C. 2941.25, this argument does not establish that his sentence is not "authorized by law" within the meaning of R.C. 2953.08(D)(1). Since Selhorst did not carry the burden of establishing plain error, we conclude that this first argument is without merit.

{¶11} Second, Selhorst asserts that his sentence is contrary to law because the trial court failed to make the consecutive sentences findings set forth in R.C. 2929.14(C)(4). However, the trial court imposed an agreed upon sentence in which Selhorst and the State jointly recommended that he serve four eighteen-month prison terms consecutively. *See Porterfield*, 2005-Ohio-3095, at ¶ 25 (Where "a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.").

{¶12} Because the imposition of consecutive sentences was discretionary in this case and was ordered pursuant to joint recommendation of the parties, the trial

court was not required to make the R.C. 2929.14(C)(4) findings. *Sergent* at ¶ 44. Thus, Selhorst's sentence is still "authorized by law" in the absence of the R.C. 2929.14(C)(4) findings. *State v. Hawkins*, 2025-Ohio-1303, ¶ 17-19 (7th Dist.). For these reasons, we conclude that the imposition of consecutive sentences falls within the criterion of R.C. 2953.08(D)(1) and is not subject to review. *Sergent* at ¶ 29-30. *See also State v. Newman*, 2022-Ohio-3607, ¶ 16 (3d Dist.). Selhorst's second argument is also without merit. Accordingly, his sole assignment of error is overruled.

*Conclusion*

**{¶13}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Shelby County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**

Case No. 17-24-13

# __JUDGMENT ENTRY__

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls

-8-