[Cite as *State v. Hale*, 2014-Ohio-3322.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100447**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ISIAH B. HALE

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-529253-A

**BEFORE:** Keough, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 31, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Michael J. Cheselka
75 Public Square, Suite 920
Cleveland, Ohio 44113-2084

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Plaintiff-appellant, the state of Ohio, appeals the trial court's decision allowing defendant-appellee, Isiah Hale, to withdraw his guilty plea. For the reasons that follow, we affirm.

**{¶2}** In 2009, Hale was charged with murder, aggravated robbery, kidnapping, and having a weapon while under disability. Hale's codefendant, was charged with conspiracy and having a weapon while under disability. In 2010, Hale pleaded guilty to an amended count of involuntary manslaughter with a three-year firearm specification. He was sentenced to a total prison term of eight years.

**{¶3}** On January 5, 2011, Hale filed a motion to withdraw his guilty plea on the basis that the state disclosed at the trial of Hale's codefendant that gunshot primer residue was found on the victim's hand, which was information requested by Hale during pretrial discovery, but was not disclosed to him. The state opposed the motion, and in May 2011 the trial court conducted a hearing on the motion.

**{¶4}** In August 2013, the trial court granted Hale's motion to withdraw his plea by written decision.

> The Defendant's Motion to Withdraw his Guilty Plea, entered into on April 22, 2010, to correct a manifest injustice pursuant to rule 32.1 of the Ohio Rules of Criminal Procedure is granted.
>
> The Defendant, Isiah B. Hale, along with a Co-Defendant, was charged with Murder, pursuant to Ohio Revised Code Sections 2903.02(A) and (B) with Firearm Specifications. There were two additional felony offenses referencing Mr. Hale. Throughout the pre-trial discovery process, the Defendant maintained that he acted in self-defense. On March 5, 2010, the results of a gunshot residue test conducted by the Cuyahoga County

Coroner's Office were received. The test results reflected that the murder victim, Montrell Stonewall, did indeed have gunshot primer residue on his right hand.

The defense requested, pursuant to Rule 16 of the Ohio Rules of Criminal Procedure, any evidence material to the defense including the results of any gunshot residue tests performed on the victim. The State produced the requested discovery information in its possession. That information included information from the Coroner's Office — absent any results of the gunshot residue test. Defense counsel relied on the fact that no gunshot residue test had been performed and advised Mr. Hale to forgo his affirmative defense of self-defense. Subsequently Mr. Hale entered a change of plea to Involuntary Manslaughter.

On January 4, 2011, the State disclosed, during the trial of the Co-Defendant that a gunshot residue test had indeed been performed on the victim. The results proved positive for the presence of gunshot primer residue on the right hand of the victim. The Co-Defendant was acquitted.

The Defense also alleges a *Brady* violation. *Brady v. Maryland*, 373 U.S. 83. The elements necessary to trigger a *Brady* violation are:

> (i) The evidence must be favorable to the accused;
>
> (ii) The evidence must have been either willfully or inadvertently suppressed by the government;
>
> (iii) Prejudice must have ensued.

It is the opinion of the Court that the Defendant's burden of proof is met under a *Brady* analysis as well. It must be said that no one believes that the State intentionally or willfully withheld the gunshot residue test results.

This delayed disclosure was material to the issues of guilt as it substantiated the Defendant's self-defense defense and was tantamount to a manifest injustice mandating the granting of the Defendant's Motion to Withdraw his Guilty Plea.

{¶5} The state appeals this decision, raising as its sole assignment of error that the trial court erred in granting Hale's motion to withdraw his guilty plea.

{¶6} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. The Supreme Court of Ohio has defined "manifest injustice" as a clear or openly unjust act. *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). This standard permits a defendant to withdraw his plea only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The defendant moving for a postsentence withdrawal of a guilty plea, has the burden of establishing the existence of a manifest injustice. *Id*. at paragraph one of syllabus.

{¶7} The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court. *Id*. at paragraph two of the syllabus. We will not reverse a trial court's decision absent an abuse of discretion. *Id*., citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} In this case, the state contends that the disclosure of the gunshot residue test does not constitute a manifest injustice that necessitates the vacation of conviction and withdrawal of Hale's guilty plea. Specifically, the states directs this court to the fact that Hale acknowledged shooting the victim while the victim was pointing a gun at him, but that Hale never stated that he was being shot at by the victim. The state seems to allude

that only after learning about the presence of the gunshot primer residue, did Hale's story change. These arguments were made and rejected in the trial court.

{¶9} The evidence and testimony that was adduced at the hearing on Hale's motion shows that in 2010, a trace evidence report was generated by the coroner's office following the examination of the victim. Contained in that report was a finding indicating that gunshot primer residue was detected on the victim's right hand. Despite discovery being requested by Hale, the defense did not receive this report. In fact, the record reveals that this report was not released to either the state or the defense until January 2011, the day prior to the start of the trial against Hale's codefendant. It is clear that the withholding of the report was inadvertent by the coroner's office, and not willful by the state.

{¶10} However, it cannot be said that when a defendant is maintaining a defense of self-defense and the trace evidence report indicates that the victim had gunshot primer residue on his hand, that this evidence would not be considered potentially exculpatory. Without knowledge of this potentially exculpatory evidence, it cannot be said that Hale entered his plea knowingly, intelligently, and voluntarily. The trial court's decision finding that a manifest injustice was demonstrated by Hale was neither arbitrary, unreasonable, or unconscionable. The court heard all the testimony and reviewed all the evidence in making its decision. The trial court did not abuse its discretion in granting Hale's motion to withdraw his guilty plea. Accordingly, the state's assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR